UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| JACK A. SCHWANER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 07-2351 (EGS) |
| | ) | |
| UNITED STATES COAST GUARD, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), (5), and (6), the United

States Coast Guard and Captain Kevin Lunday hereby respectfully request that the Court dismiss

the Complaint for the reasons set forth in the attached Memorandum in Support.

A proposed order is attached.

Respectfully submitted,

_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
April 17, 2008                          Tel: 202-616-5309
harry.roback@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2008 I served plaintiff with Defendants' Motion to

Dismiss by mailing it to the following address:

Jack A. Schwaner
1 Great Oak Cir., Apt. B-44
Newport News, VA 23606

/s/ Harry B. Roback
Harry B. Roback

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACK A. SCHWANER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 07-2351 (EGS) |
| | ) | |
| UNITED STATES COAST GUARD, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PROPOSED ORDER**

Upon consideration of the Defendants' Motion to Dismiss, and any opposition thereto, it

is hereby

ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that this case is DISMISSED with prejudice.

SO ORDERED.


Date: _____                          _____
                                           United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACK A. SCHWANER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-2351 (EGS) |
| | ) | |
| UNITED STATES COAST GUARD, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Jack Schwaner is an insurance salesman.  He believes that Captain Kevin Lunday of the

United States Coast Guard placed unreasonable restrictions on commercial solicitation at the

Coast Guard's installation in Yorktown, Virginia.  Schwaner contends that these restrictions

violated his equal protection and due process rights under the constitution.  He seeks $900,000 in

damages from Captain Lunday personally and from the Coast Guard.

As the defendants demonstrate below, there are six reasons why the Court should dismiss

the Complaint.  First, sovereign immunity bars Schwaner's claims for damages against the Coast

Guard.  Second, Schwaner's claims are untimely because the restrictions took effect in 1999, but

he did not file suit until 2007.  Third, Schwaner has failed to state a viable constitutional claim.

Fourth, Schwaner has not served Captain Lunday with a copy of the Complaint.  Fifth, Captain

Lunday is entitled to qualified immunity.  And finally, venue is improper in this District.

**BACKGROUND**[1]

Jack Schwaner has sold life insurance at the Coast Guard's installation in Yorktown since

---

[1] All facts set forth in this section are taken from the Complaint.  The Complaint does not
contain numbered paragraphs.  Therefore, defendants' citations refer to pages in the Complaint.

1982.  (Compl. at 1.)  Beginning in 1999, Schwaner alleges that Captain Lunday, as the Legal

Officer at Yorktown, "put into motion [an] unreasonable regulation and compiled false

allegations against [Schwaner] effecting a negative working relationship with Coast Guard

personnel[.]"  (*Id.*)  Specifically, Schwaner contends that Captain Lunday – in 1999 and 2000 –

required salesmen to check-in at the main gate (*id.* at 1); verify their appointments with the

officer-on-duty (*id*. at 2); and park their vehicles at a set location "1/4 mile distance" from where

they could meet clients (*id.* at 8).  Schwaner further alleges that, at the same time, Captain

Lunday prevented salesmen from entering a recreational facility known as the Cyber Café (*id.* at

4-5), and he would not let salesmen use the Coast Guard's insignia on business cards (*id* at 3-4).

According to Schwaner, Captain Lunday placed these restrictions on commercial

solicitation by issuing Coast Guard Instruction 1740.1F.  (Compl., Ex. A8.)  Instruction 1740.1F

took effect on December 13, 1999.  (*Id.*)  Schwaner further contends that, in July 2004, the Coast

Guard issued Instruction 1740.1G.  (Compl., Ex. A9.)  In addition to the foregoing restrictions,

Instruction 1740.1G also prohibited commercial solicitation in designated "smoking areas" at

Yorktown.  (*Id.*)

Schwaner alleges that these restrictions on his ability to solicit business at Yorktown

violate his "equal protection and due process" rights.  (*Id.* at 1.)  He filed the instant Complaint

on December 19, 2007, asserting these two claims.  (Dkt. 1.)  The Complaint names the United

States Coast Guard and Captain Lunday (in his official and personal capacities) as defendants.

The Complaint also references Freedom of Information Act ("FOIA") requests that Schwaner

has made, but he does not assert any FOIA claims in this case.  *Cf. Schwaner v. United States*

*Coast Guard*, Civ. A. No. 07-2350 (D.D.C.) (asserting FOIA claims against the Coast Guard).

Schwaner is proceeding *pro se* in this action, as he has done in a number of other cases. *See, e.g.*, *Schwaner v. United States Coast Guard*, Civ. A. No. 07-2350 (D.D.C); *Schwaner v. Dep't of the Army*, 370 F. Supp.2d 408 (E.D. Va. 2004). The Complaint is unintelligible in certain places, but defendants have construed Schwaner's allegations broadly in this motion. Defendants also note that Schwaner attached more than two-dozen exhibits to the Complaint. These exhibits cover a twenty-five year period.

## LEGAL STANDARD

This Court may dismiss Schwaner's Complaint pursuant to Rule 12(b)(6) if he has failed to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*). Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support Schwaner's claims for relief. In ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider "any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice." *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997). Thus, the Court may consider the exhibits attached to Schwaner's Complaint.

Under Rules 12(b)(1), (2), (3), and (5), this Court may dismiss Schwaner's Complaint based on lack of jurisdiction, based on his failure to serve Captain Lunday with a copy of the Complaint, and based on improper venue. *See* Fed. R. Civ. Pro. 12(b)(1), (2), (3), (5).

## ARGUMENT

I.    **SOVEREIGN IMMUNITY BARS SCHWANER'S CLAIMS AGAINST THE COAST GUARD AND CAPTAIN LUNDAY IN HIS OFFICIAL CAPACITY**

In the Complaint, Schwaner "claims the Defendants violated his Constitutional rights to

equal protection and due process[.]" (Compl. at 1.)  He "seeks compensatory damage[s] of

$900,000, along with punitive damages." (*Id.*)  Schwaner does not seek injunctive relief.  (*Id.*)

Schwaner's request for compensatory and punitive damages fails because the United

States has not waived its sovereign immunity for that relief.  "Sovereign immunity bars all suits

against the United States, its agencies, and federal employees in their official capacities, except

where there has been a statutory waiver of immunity." *Fletcher v. District of Columbia*, 481 F.

Supp.2d 156, 160-61 (D.D.C. 2007).  The waiver of sovereign immunity for a particular remedy

must be "unambiguous."  *Id.*  The United States has not waived its sovereign immunity for

damages for alleged constitutional violations.  *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 485-86

(1994) (holding that there is no "damages action directly against federal agencies"); *Taylor v.*

*FDIC*, 132 F.3d 753, 768 (D.C. Cir. 1997) (holding that "no cause of action for damages for

constitutional violations . . . is to be implied against government agencies."); *Komongnan v.*

*United States Marshals Serv.*, 471 F. Supp.2d 1, 4 (D.D.C. 2006) (same).  Accordingly, the

Court should dismiss Schwaner's claims in this case against the Coast Guard and Captain

Lunday in his official capacity pursuant to Rule 12(b)(1).

II.    **SCHWANER'S CLAIMS ARE UNTIMELY**

A.    **The Claims Against Captain Lunday Are Untimely**

Schwaner's allegations in the Complaint relate to decisions that Captain Lunday made in

1999 and 2000.  (Compl. at 1-4.)  According to Schwaner, Captain Lunday restricted his ability

to solicit customers at the Coast Guard's Yorktown installation by:  (1) requiring him to park his

vehicle "1/4 mile [from his] appointments" (*id.* at 1); (2) making him "check [in] at the main

gate" (*id.* at 2); (3) "prohibit[ing] [him from] enter[ing] the Cyber Café" (*id.* at 2, 4); and (4)

preventing him from using the Coast Guard insignia on his business cards (*id.* at 3-4).  The

Complaint itself (and the exhibits attached thereto) make clear that Captain Lunday made all of

these decisions in 1999 and 2000.[2]  (*See, e.g.*, *Id.* at 1-3; Exs. A1-8, D1-9.)

Schwaner's claims against Captain Lunday are untimely because he did not file his

Complaint until December 19, 2007, which is well more than three years after his claims arose.

This Court borrows the statute of limitations in a *Bivens* action from the most closely analogous

tort actionable under District of Columbia law.  *See Doe v. United States Dep't of Justice*, 753

F.2d 1092, 1114 (D.C. Cir. 1985); *Fletcher*, 481 F. Supp.2d at 171.  In the District of Columbia,

the longest possible limitations period that could apply to Schwaner's claims is three years.  *See,*

*e.g.*, *Hobson v. Wilson*, 737 F.2d 1, 32 (D.C. Cir. 1984); *Fletcher*, 481 F. Supp.2d at 171-72.[3]

All of Schwaner's claims relate to decisions that Captain Lunday made in 1999 and 2000, which

is more than *seven* years before he filed suit.  His claims are, therefore, untimely.[4]  *Id.*

B.      **The Claims Against The Coast Guard Are Untimely**

Schwaner's claims against the Coast Guard are also time-barred.  Under 28 U.S.C. §

2401(a), Schwaner had to file his Complaint "within six years after the right of action first

---

[2] Schwaner also alleges that, in July 2004, the Coast Guard prohibited him from soliciting customers in "smoking areas" of the Yorktown installation.  (*Id.* at 3, Ex. A-9.)  The Complaint does not appear to allege that Captain Lunday – who stopped working at Yorktown in 2001 – was responsible for this decision.  (*Id.*)  Indeed, the document on which Schwaner relies, Coast Guard Instruction 1740.1G (Ex. A9), is not signed by Captain Lunday.  The document is signed by J. Scott Burhoe, who is not a defendant in this action.  (*Id.*)

[3] All of the alleged unlawful acts by Captain Lunday took place in Virginia.  The limitations period in Virginia for Schwaner's claims is two years.  *See* Va. Code § 8.01-243.

[4] Even assuming that Schwaner's allegations regarding Coast Guard Instruction 1740.1G relate to Captain Lunday, they too would be untimely.  The Coast Guard issued Instruction 1740.1G in July 2004, which is more than three years before Schwaner filed the instant action.

accrues."  In this case, all but one of Schwaner's allegations against the Coast Guard relates to

restrictions on soliciting customers that took effect in 1999 and 2000.  (*See generally* Compl.,

Exs. A1-A8.)  His claims challenging these restrictions first accrued at the time the restrictions

were put in place.  *See, e.g*, *Impro Products v. Block*, 722 F.2d 845, 850-51 (D.C. Cir. 1983) ("In

the agency context, . . . where no formal review procedures existed, the cause of action accrued

when the agency action occurred."); *Alaska Legislative Council v. Babbitt*, 15 F. Supp.2d 19, 24-

25 (D.D.C. 1998) (same).  In this case, Schwaner did not file suit until December 19, 2007,

which is more than six years after the Coast Guard instituted these allegedly unlawful restrictions

at its Yorktown installation.  His claims based on the restrictions put in place in 1999 and 2000

are time-barred.  *Id.*

 Schwaner also refers to the Coast Guard's issuance of Instruction 1740.1G, which took

effect on July 7, 2004.  (Compl. at 3, Ex. A9.)  However, as Schwaner himself tacitly concedes,

this Instruction is substantially the same as Instruction 1740.1F, which the Coast Guard issued on

December 13, 1999.  (*Id.*)  Indeed, both Instructions prohibit persons at Yorktown from:

- "solicit[ing] for the sale of insurance" without "authorization[];"

- "directly or indirectly enourag[ing] . . . Coast Guard employees . . to distribute commercial literature, business materials, or other promotional information on behalf of a company or agent";

- soliciting military personnel and their dependents on anything other than "an individual basis, by scheduled appointment";

- entering Yorktown without first "personally check[ing] in with the Officer of the Day"; and

- "conduct[ing] [appointments] in berthing areas of any buildings" or in the "Cyber Cafe."

*Compare* Compl., Ex. A8 *with* Compl., Ex. A9.  The only additional restriction in Instuction

1740.1G that Schwaner raises in this case is the prohibition on commercial solicitation in designated "smoking areas." (Compl. at 3; Ex. A9.)

This minor difference, however, is insufficient to create a new statute of limitations for Instruction 1740.1G. In calculating when the six-year statute of limitations begins, the Court may look to the "gravamen of the complaint" to determine when the claim first accrued. *See Alaska Leg. Council*, 15 F. Supp.2d at 24. The fact that an instruction (or regulation) has been re-issued or modified slightly does not start the running of a new limitations period if the gravamen of the challenge to the instruction remains the same. *Id.* at 24-25.

In this case, the gravamen of Schwaner's complaint is that the Coast Guard placed unreasonable restrictions on commercial solicitation at Yorktown. According to Schwaner, the Coast Guard put these restrictions into effect in December 1999 by issuing Instruction 1740.1F. (Compl. at 1-3.) The Coast Guard's issuance of a nearly identical instruction in July 2004 (Instruction 1740.1G) does not change the substance of the complaint in this matter. Schwaner's claims are accordingly time-barred under 28 U.S.C. § 2401(a). *Alaska Leg. Council*, 15 F. Supp.2d at 24.

## III. SCHWANER HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### A. Schwaner's Equal Protection Claim Fails

The Supreme Court has recognized "class of one" equal protection claims. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). However, to bring such a claim, the plaintiff must allege that the agency treated him differently than "similarly situated parties" and that there is "no rational basis for the difference in treatment." *See 3883 Connecticut LLC v. District of Columbia*, 336 F.3d 1068, 1075 (D.C. Cir. 2003). Schwaner does not allege that the Coast

Guard (or Captain Lunday) treated him different under the applicable Instructions than other

individuals seeking to solicit business at Yorktown.  (Compl. at 1-7.)  His failure to do so bars

his equal protection claim.  *Id.*

### B.    Schwaner's Due Process Claims Fail

Schwaner fails to specify in the Complaint whether he is raising a procedural or

substantive due process claim (or both).  As defendants demonstrate below, they did not violate

Schwaner's procedural or substantive due process rights.

### 1.    Procedural Due Process

The Coast Guard did not violate Schwaner's procedural due process rights by placing

restrictions on commercial solicitation at the Yorktown installation without consulting him first.

*Bi-Metallic Inv. Co. v. State Board of Equalization*, 239 U.S. 441, 445 (1915) ("Where a rule of

conduct applies to more than a few people, it is impracticable that everyone should have a direct

voice in its adoption.  The Constitution does not require all public acts to be done in town

meeting or an assembly of the whole."); *Decatur Liquors, Inc. v. District of Columbia*, 478 F.3d

360, 363 (2007) (same).  By their plain terms, the Coast Guard's Instructions governing

commercial solicitation at Yorktown apply to all individuals engaging in such activities.  The

Coast Guard had no obligation to consult with Schwaner prior to implementing the Instructions.

*Id.*  Accordingly, his procedural due process claim fails.

### 2.    Substantive Due Process

"Substantive due process constrains only egregious government misconduct."  *Id.*; *see*

*also Butera v. District of Columbia*, 235 F.3d 637, 651 (D.C. Cir. 2001) (noting that a

substantive due process violation will only occur if the government's conduct is "so egregious,

so outrageous, that it may fairly be said to shock the contemporary conscience.").  In this case,

the Coast Guard has a clear and important security interest in regulating the commercial

solicitation (and all other) activities at its installation in Yorktown.  Schwaner's subjective belief

that the limitations are too restrictive falls far short of stating a substantive due process claim.

*See Schwaner v. Dep't of the Army*, 370 F. Supp.2d 408, 413-14 (E.D. Va. 2004) (rejecting

Schwaner's contention that restrictions imposed by the Army on commercial solicitation violated

his due process rights).

## IV.    SCHWANER HAS FAILED TO SERVE CAPTAIN LUNDAY WITH THE COMPLAINT

This Court lacks jurisdiction over Captain Lunday because Schwaner has failed to serve

him with a copy of the Complaint.  A federal employee sued in his individual capacity must be

served with process in accordance with Rule 4(e).  *See* Fed. R. Civ. Pro. 4(i)(3); *see also*

*Simpkins v. Dist. of Columbia Gov't.*, 108 F.3d 366, 369 (D.C. Cir. 1997).  Rule 4(e) requires the

plaintiff to deliver a copy of the complaint to the employee (or his appointed agent) personally or

to leave a copy of the complaint "at his dwelling house or usual place of abode with some person

of suitable age and discretion" who resides there.  *See* Fed. R. Civ. Pro. 4(e).  "The failure to

effect individual service is fatal to a *Bivens* claim."  *Paolone v. Mueller*, 2006 WL 236448, at *3

(D.D.C. Aug. 11, 2006) (further noting that the employee must be "personally served" for the

"court to have jurisdiction over" him.).

In this case, Schwaner failed to serve Captain Lunday with a copy of the Complaint

personally or at home.  *See* Lunday Decl. ¶¶ 2-3.  According to the Docket, Schwaner mailed a

copy of the Complaint to the Coast Guard's Yorktown installation.  (Dkt. 5.)  However, mailing

a copy of the Complaint to a place where a person formerly worked is plainly insufficient under

Rule 4(e).[5]  *See Doggett v. Gonzales*, 2007 WL 2893405, at *3 (D.D.C. Sept. 29, 2007).

Captain Lunday's limited appearance herein in the form of this motion to dismiss does not constitute an acquiescence in the manner of service, a waiver of proper service, or a voluntary entry of appearance.

## V.    CAPTAIN LUNDAY IS ENTITLED TO QUALIFIED IMMUNITY

"Government officials performing discretionary functions generally are shielded from liability for civil damages" if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Captain Lunday is thus entitled to immunity unless Schwaner can show that (1) Captain Lunday violated a constitutional right, and (2) the right was "clearly established." *Saucier v. Katz*, 533 U.S. 194, 200 (2001).  This "qualified immunity" standard "protects all but the plainly incompetent or those who knowingly violate the law." *Komongnan*, 471 F. Supp.2d at 6.  As demonstrated above, Captain Lunday did not violate Schwaner's equal protection and due process rights by placing restrictions on commercial solicitation at the Yorktown installation. *See supra* Section III.

Moreover, even if this Court determines that Captain Lunday violated Schwaner's constitutional rights, those rights were not clearly established in 1999 or 2000.  In determining whether a right is clearly established, this Court looks to "whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Fletcher*, 481 F. Supp.2d at 166.  However, courts have recognized for more than four decades that officers

---

[5] Defendants further note that the time period prescribed in Rule 4(m) for Schwaner to serve Captain Lunday with a copy of the complaint will expire on April 15, 2008.

have broad discretion on military bases to regulate civilian interactions with military personnel.

*See, e.g.*, *Cafeteria & Rest. Workers Union v. McElroy*, 367 U.S. 886, 895-98 (1961) (noting that

the officer's discretion is limited only by "patently arbitrary or discriminatory" actions); *Berry v.*

*Bean*, 796 F.2d 713, 717 (same).

In this case, Captain Lunday's decision to regulate commercial solicitation was within his

discretion.  Schwaner may have disagreed with the specific limitations placed on his ability to

solicit customers, but his allegations fail to show that Captain Lunday acted in a "patently

arbitrary or discriminatory" manner. *Id.*  He is accordingly entitled to immunity in this matter.

## VI.    VENUE IS IMPROPER IN THIS DISTRICT

Venue in *Bivens* cases is governed by 28 U.S.C. § 1391(b).  *See Stafford v. Briggs*, 444

U.S. 527, 544 (1980); *Cameron v. Thornburgh*, 983 F.2d 253, 257 (D.C. Cir. 1993).  Under

Section 1391(b), venue is proper only in (1) a judicial district where any defendant resides, if all

defendants reside in the same state, (2) a judicial district in which a substantial part of the events

or omissions giving rise to the claim occurred, or a substantial part of the property that is the

subject of the action is situated, or (3) a judicial district in which any defendant may be found, if

there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  Neither

Captain Lunday nor Schwaner resides in the District of Columbia, and none of the events

occurred in this District.  Therefore, venue is improper in this District and dismissal is

appropriate pursuant to Rule 12(b)(3).

**CONCLUSION**

For the foregoing reasons, the Coast Guard and Captain Lunday request that the Court

dismiss the Complaint in this action.

Respectfully submitted,

_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ Harry B. Roback_____
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
harry.roback@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2008 I served plaintiff with Defendant's Motion to

Dismiss by mailing it to the following address:

Jack A. Schwaner
1 Great Oak Cir., Apt. B-44
Newport News, VA 23606

/s/ Harry B. Roback
Harry B. Roback
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACK A. SCHWANER    )
                    )
        Plaintiff,  )
                    )
    v.              )    Civil Case No. 1:07-cv-02351 (EGS)
UNITED STATES COAST GUARD, )
ET. AL.             )
                    )
        Defendants. )
                    )

## DECLARATION OF CAPTAIN KEVIN E. LUNDAY

I, Kevin E. Lunday, Captain, United States Coast Guard, declare under penalty of

perjury that:

1.  I have not worked at the Training Center at Yorktown, Virginia ("TRACEN")

since [month, day] *June 30,* 2001.

2.  I did not authorize U.S. Coast Guard representative, S. Billburg or anyone else

at TRACEN to accept service on my behalf anytime after I departed from TRACEN.

3.  I have not personally been served with a copy of the Complaint in the above-

captioned matter.

April 15, 2008

_____
Kevin E. Lunday
Captain, United States Coast Gurad

1