UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE N.W.
WASHINGTON D.C. 20036

**RECEIVED**
JUL 1 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jack A. Schwaner )
1 Great Oak Cir: Apt B-34 )
Newport News, Va. 23606 )
 )
 Plaintiff )
 )  Civil Action No.07-2351 (EGS)
 Vs )
 )
 )
United States Coast Guard, etal. )
 )
 Defendants )
 )

The Plaintiff is a resident of Newport News, Va.

# AMENDMENT

## MOTION FOR PLAINTIFF'S SEEKING MONATERY DAMAGES BE GRANTED IN CIVIL ACTION CASE NO.07-2351 (EGS)

The Defendant failed to fully address to the Plaintiff responses concerning the six reasons listed in the Defendant motion to dismiss and Defendant's recent Reply in Support of Defendant's Motion to dismiss. Though the Defendant's motion to dismiss in C.A case No. 07-3451 (EGS) by using unsupported reasons, the Plaintiff fully explained in C.A. No.07-2351(EGS) with Exhibits and the Plaintiff's motion to reject the motion to dismiss by Defendant. The defendant again failed or consider to address the Plaintiff's most crucial issue in the revoking of Plaintiff"s working permit inUSCGRTC by not affording the Plaintiff a Show Cause Hearing as required in USCG Commandant Instruction 1740.2G Paragraph 6.b and Department of Defense Instruction 1344-07 Paragraph 6.5.3 and Paragraph 6.5.5.,This not only shows intentional Discrimination against the Plaintiff's in due process ,unlawful harassment in the workplace that violated Plaintiff's Civil rights " The Rights Civil Act of 1991".

USCGRTC Command violated "The American with Disabilities Act of 1990

## SIX REASONS TO GRANT PLAINTIFF'S MOTION

(1a)-The USCGTRC command 1/ failed to afford a Show Cause Hearing to the Plaintiff as required by regulation. "Civil Rights Act of 1991 Violation"

(2a)-The USCGRTC Command forced the Plaintiff to resign the State of Virginia TWA Insurance license in order to retain the work permit with MBA "Civil Rights Act of 1991violation"

(3a)-The USCG Command admits the Plaintiff commit no USCGRTC Violations. "Civil rights Act of 1991"

(4a)-The USCGRTC Command used "unlawful harassment" in the use of the smoking area and Cyber Cafe to anyone with the exception of the Plaintiff.

(5a)-The USCGRTC Command was informed and regardless forced the Plaintiff to walk ¼ of a mile to meet clients knowingly plaintiff was in recovery of a heart attack short of breath and diabetic . "Americans with Disability Act of 1990 Violation ".

(6a)-The USCGRTC Command and USCG Hg threaten to revoke Plaintiff USCGRTC work permit unless the Plaintiff stop using direct mail advertisement to USCGRTC personnel "first Amendment of the Constitution violation".

All above mentioned regulations and instruments used in USCGRTC against the Plaintiff are still active and in use to this day, thus in a true sense the statute of Limitation in C.A/No.07-2351 (EGS) does not apply.

## EXHIBITS

Exhibit 1/-excepts of the Civil Rights of 1991.
Exhibit 2/-Defendant's Reply in support motion to dismiss.
Exhibit 3/-Defendant motion to dismiss to be rejected.

Respectfully Submitted ,

Jack A.Schwaner Pro-se
1 Great Oak Cir: Apt B-34
Newport News , Va. 23606

## CERTIFICATE OF SERVICE

I Certify that on 19 June,2008 I mail first class postage to the Defendant address listed below

Harry B Roback
Assistant United States Attorney
555 4th Street N.W.
Washington D.C.20530

United States District Court
for The District of Columbia
333 Constitution Ave N.W.
Washington D.C.20036

Jack A Schwaner Pro-se
1 Great Oak Cir: Apt B-34
Newport News, VA 23606

*The U.S. Equal Employment Opportunity Commission*

# The Civil Rights Act of 1991

*EDITOR'S NOTE: The text of the Civil Rights Act of 1991 (Pub. L. 102-166), as enacted on November 21, 1991, appears below with the following modifications:*

*1. The text of the sections of the CRA that amend the laws enforced by EEOC (i.e., Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990) is not printed below. Instead, these amendments are printed elsewhere in this publication.*

*2. The following portions of the CRA that are not enforced by EEOC are referenced, but not reprinted here:*

- *Section 117 (coverage of the U.S. House of Representatives and agencies of the Legislative Branch);*
- *Title II (The Glass Ceiling Act); and*
- *Portions of Title III (Establishing the Office of Senate Fair Employment Practices).*

*3. Title V, which amends the Civil War Sites Study Act of 1990 (Pub. L. 101-628) is not reprinted here.*

*4. Cross references to the U.S. Code, where applicable, appear in italics following each section heading. Editor's notes also appear in italics.*

```
An Act

To amend the Civil Rights Act of 1964 to strengthen and improve Federal
civil rights laws, to provide for damages in cases of intentional
employment discrimination, to clarify provisions regarding disparate
impact actions, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United
States of America in Congress assembled, This Act may be cited as the
"Civil Rights Act of 1991".

     * * *

FINDINGS

SEC. 2 [42 U.S.C. 1981 note]

The Congress finds that-

     (1) additional remedies under Federal law are needed to deter
unlawful harassment and intentional discrimination in the workplace;

     (2) the decision of the Supreme Court in Wards Cove Packing Co. v.
Atonio, 490 U.S. 642 (1989) has weakened the scope and effectiveness of
Federal civil rights protections; and

     (3) legislation is necessary to provide additional protections
against unlawful discrimination in employment.


PURPOSES

SEC. 3 [42 U.S.C. 1981 note]

The purposes of this Act are-
```

Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE N.W.
WASHINGTON D.C. 20036

| | |
|---|---|
| Jack A. Schwaner )<br>1 Great Oak Cir: Apt B-34 )<br>Newport News, Va. 23606 )<br>)<br>Plaintiff )<br>)<br>Vs )<br>)<br>)<br>United States Coast Guard,etal. )<br>)<br>Defendant )<br>) | Civil Action No.07-2351 (EGS) |

The Plaintiff is a resident of Newport News,Va.

Defendant's motion to dismiss should be rejected ,it fails or ignores to fully respond to the key issues in the Plaintiff's Civil Action Case No.072351 (EGS) and memorandum in Support of Plaintiff complaint.

In the repetition of the same six reasons recently raised by Defendant's Reply in support of Defendant's motion to dismiss, it was minuscule and non-responsive to crucial issues compared to the Plaintiff"s complaint that was addressed in length in Civil .Action case No.07-2351 and Memorandum in support of Plaintiff's complaint.

(First)-Sovereign immunity bars Plaintiff "Jack a Schwaner" should not be considered and be excluded because of the Plaintiff's pain,suffering,humiliation and emotional distress including monetary damage resulting by actions created by the USCGRTC.

(Second)-The Defendant states the restrictions took place in 1999 but filed suit until 2007. These Coast Guard restrictions / regulations are still presently active in USCGRTC strengthening the Plaintiff's complaint in Civil Action No.07-2351(EGS) Thus using the time factor by the Defendant as one of the reason in their motion to dismiss should be considered unacceptable.

(Third)-In Civil Action No.07-2351 in "reply in support of Defendant's motion to dismiss" Plaintiff

Page 2

does address Constitutional claim , USCRTC violated Plaintiff Civil Rights by not affording the Plaintiff a show-Cause hearing as required in USCG Commandant Instruction 1740.2G Para:6.b and DODI 1344-07 .Para: 6.5.3 and Para; 6.5.5 ,the Defendant again failed to address this "crucial" issue.

(Fourth)-To serve 0-4 K.E. Lunday a copy of the this complaint is of no consequences,0-4 Lunday Lunday's actions against the Plaintiff in USCGRTC are well documented in C.A. No 2351(EGS) Complaint.

(Fifth)-0-4 K.E. Lunday is considered essential to the Plaintiff because of " Third Paragraph.".

(sixth)-The Venue considering Civil Action No.07-2351 (EGS) is in its proper District "Note Plaintiff Civil Action No.07-2350 (EGS)".

## CONCLUSION

1. all necessary documents pertaining to all arbitrary actions conducted mostly by 0-4 K.E. Lunday and USCGRTC who violated the Plaintiff's civil rights in USCGRTC and also abetted by Coast Guard Headquarters D.C..

   2 The Plaintiff believes as stated by the Defendant (USCGRTC) acted unfairly ,a more appropriate word is ambiguous etc.

   3 Sovereign immunity is used by the Defendant in Motion to Dismiss,this motion, this should not be granted. USCGRTC used non-existing violations to revoked Plaintiff USCGRTC work permit that was first obtained in 1982 with never no infractions or violations.

   4 The Defendant asserts the Plaintiff's stated Foia Requests were not fully answered, this is incorrect,the Plaintiff was referring to copies of Foia Appeal requests sent to USCG Headquarters submitted prior to Civil Case Action No. 07-2351 (EGS). "no responses".

1. 5 The Plaintiff fully explained all arguments enclosed in the original copy of Civil Action Case No.07-2351 (EGS) and Memorandum in support of Plaintiff Complaint and sent to Defendant.

   6.The Coast Guard and 0-4 K.E. Lunday states they do not understand the" majority "of Plaintiff opposition," check Para: 5 ". 0-4 K.E. Lunday back in the picture?

   7. The Plaintiff agrees with the Defendant, if this Court request further briefing on any of theses issues ,the Plaintiff will abide as directed by the Court.

   8. The Plaintiff respectfully request this Court to grant an award appropriate to damages established by th Plaintiff.

Page 2

Respectfuly l Submitted ,

_____
Jack A.Schwaner Pro-se
1 Great Oak Cir: Apt B-34
Newport News , Va. 23606

## CERTIFICATE OF SERVICE

I Certify that on 19 June,2008 I mail first class postage to the Defendant address listed below

Harry B Roback
Assistant United States Attorney
555 4th Street N.W.
Washington D.C.20530

United States District Court
for The District of Columbia
333 Constitution Ave N.W.
Washington D.C.20036

_____
Jack A Schwaner Pro-se
1 Great Oak Cir: Apt B-34
Newport News, VA 23606

*The U.S. Equal Employment Opportunity Commission*

# The Civil Rights Act of 1991

*EDITOR'S NOTE: The text of the Civil Rights Act of 1991 (Pub. L. 102-166), as enacted on November 21, 1991, appears below with the following modifications:*

*1. The text of the sections of the CRA that amend the laws enforced by EEOC (i.e., Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990) is not printed below. Instead, these amendments are printed elsewhere in this publication.*

*2. The following portions of the CRA that are not enforced by EEOC are referenced, but not reprinted here:*

- *Section 117 (coverage of the U.S. House of Representatives and agencies of the Legislative Branch);*
- *Title II (The Glass Ceiling Act); and*
- *Portions of Title III (Establishing the Office of Senate Fair Employment Practices).*

*3. Title V, which amends the Civil War Sites Study Act of 1990 (Pub. L. 101-628) is not reprinted here.*

*4. Cross references to the U.S. Code, where applicable, appear in italics following each section heading. Editor's notes also appear in italics.*

An Act

To amend the Civil Rights Act of 1964 to strengthen and improve Federal civil rights laws, to provide for damages in cases of intentional employment discrimination, to clarify provisions regarding disparate impact actions, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, This Act may be cited as the "Civil Rights Act of 1991".

    * * *

FINDINGS

SEC. 2 [42 U.S.C. 1981 note]

The Congress finds that-

    (1) additional remedies under Federal law are needed to deter unlawful harassment and intentional discrimination in the workplace;

    (2) the decision of the Supreme Court in Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989) has weakened the scope and effectiveness of Federal civil rights protections; and

    (3) legislation is necessary to provide additional protections against unlawful discrimination in employment.


PURPOSES

SEC. 3 [42 U.S.C. 1981 note]

The purposes of this Act are-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK A. SCHWANER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES COAST GUARD, et al. ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 07-2351 (EGS) |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

The United States Coast Guard and Captain Kevin Lunday demonstrated in their Motion to Dismiss (Dkt. 12) that there are six reasons why the Court should dismiss the *pro se* plaintiff's Complaint in this case. First, sovereign immunity bars Jack Schwaner's claims for damages against the Coast Guard. Second, Schwaner's claims are untimely because the restrictions took effect in 1999, but he did not file suit until 2007. Third, Schwaner has failed to state a viable constitutional claim. Fourth, Schwaner has not served Captain Lunday with a copy of the Complaint. Fifth, Captain Lunday is entitled to qualified immunity. And finally, venue is improper in this District.

In his opposition, Schwaner fails to respond to these arguments.[1] The Court should treat these arguments as conceded and dismiss the Complaint in this case. *Tnaib v. Document Tech., Inc.*, 450 F. Supp.2d 87, 91 (D.D.C. 2006) ("When a plaintiff files a response to a motion to

---

[1] Schwaner does assert that the Coast Guard's sovereign immunity should be waived because it acted arbitrarily, but he fails to provide any support for that argument. (Pl.'s Opp. at 1.) The cases cited in the Coast Guard's motion to dismiss show that the government's sovereign immunity must be affirmatively waived, and cannot be waived simply because a plaintiff believes that the government is acting unfairly. (Dkt. 12 at 3-4.)

dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded.")

The Coast Guard and Captain Lunday do not understand the majority of plaintiff's opposition. If the Court would like further briefing on any issue, the defendants will supplement their Motion to Dismiss upon request by the Court.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ Harry B. Roback
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
harry.roback@usdoj.gov