UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK A. SCHWANER, | ) |
|     Plaintiff, | ) |
|     v. | ) Civil Action No. 07-2351 (EGS) |
| USCG HEADQUARTERS *et al.*, | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION**

In this civil action brought *pro se*, plaintiff, a life insurance agent residing in Newport News, Virginia, sues the United States Coast Guard and its "legal officer", Captain Kevin Lunday, in his official and individual capacities for allegedly violating his "Constitutional rights to equal protection and due process that resulted in extreme emotional distress." Compl. at 1. Plaintiff alleges that in 1999 Captain Lunday "put into motion unreasonable regulation[s] and compiled false allegations against the plaintiff" that negatively affected his working relationship with the Coast Guard in Yorktown, Virginia. *Id*. He seeks $900,000 in compensatory damages and punitive damages.

      Defendants move to dismiss the complaint pursuant to Rule 12(b)(1), (b)(2), (b)(3), (b)(5) and (b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the parties' submissions and the entire record, the Court will grant defendants' Rule 12(b)(1) motion to dismiss the complaint against the United States and Captain Lunday in his official capacity for lack of subject matter jurisdiction and their Rule 12(b)(6) motion to dismiss the complaint against Captain Lunday in his personal capacity for failure to state a claim upon which relief may be granted.

1. **Subject Matter Jurisdiction**

Defendants assert that sovereign immunity bars the constitutional claims against the Coast Guard and Captain Lunday in his official capacity.  Absent a specific waiver by the government, sovereign immunity bars lawsuits for damages against the United States, its agencies and government employees acting in their official capacity.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Clark v. Library of Congress*, 750 F.2d 89, 102-03 (D.C. Cir. 1984).  "[A] waiver of sovereign immunity must be 'unequivocally expressed' and its conditions must be 'strictly observed and exceptions thereto are not to be implied.'" *Blackmon-Malloy v. U.S. Capitol Police Bd.,* 338 F. Supp.2d 97, 103 (D.D.C. 2004) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981)).  The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, waives the United States' immunity, but only as to certain common law torts.  *See* 28 U.S.C. §§ 1346(b)(1), 2679(b).  "[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."  *FDIC*, 510 U.S. at 478; *but see id.* at 483 (holding "that [Federal Savings and Loan Insurance Corporation's] sue-and-be-sued clause waive[d] the agency's sovereign immunity for Meyer's constitutional tort claim").

Plaintiff has not cited to any authority from which a waiver of immunity may be found with respect to his constitutional claim.  The Court therefore lacks subject matter jurisdiction over the claim against the United States and Captain Lunday in his official capacity.

2. **Failure to State a Claim**

Defendants assert that plaintiff's claim against Captain Lunday in his individual capacity is barred by either the District of Columbia's three-year statute of limitations or, because the alleged events occurred in Virginia, by Virginia's two-year statute of limitations.  A claim against a federal official for alleged constitutional violations is permitted pursuant to *Bivens v.*

*Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Such claims brought in this Court, however, must be brought within "the [three-year] residual or general personal injury statute of limitations" of the District of Columbia.  *Lewis v. Bayh*, 577 F. Supp.2d 47, 51 (D.D.C. 2008) (quoting *Carney v. Am. Univ.*, 151 F.3d 1090, 1096 (D.C. Cir. 1998)); *see Hobson v. Wilson*, 737 F.2d 1, 32 (D.C. Cir. 1984) ("three-year limitations period provided in D.C. Code Ann. § 12-301(8) (1981) controls [*Bivens*] case.") (footnote omitted); *Nattah v. Bush*, 541 F. Supp.2d 223, 240 n.18 (D.D.C. 2008) (applying "the law of the District of Columbia, the place where plaintiff voluntarily filed suit").  Plaintiff does not dispute that the events giving rise to the complaint occurred in 1999 and 2000, more than seven years before the filing of this action on December 19, 2007, and he does not present any basis for tolling the statute of limitations.  Plaintiff's claim against Captain Lunday therefore is time-barred.

     For the foregoing reasons, the Court grants defendants' motion to dismiss.  A separate Order accompanies this Memorandum Opinion.

DATE: December 8, 2008                              SIGNED: EMMET G. SULLIVAN
                                                                  UNITED STATES DISTRICT JUDGE